# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Magistrate Docket No. **'08 MJ 0285** |
| ) | |
| Plaintiff ) | |
| ) | COMPLAINT FOR |
| v. ) | VIOLATION OF: |
| ) | **TITLE 18 U.S.C. § 1544** |
| Alejandro LOYA CHINO ) | Misuse of Passport |
| AKA: Helio Omar ARREDONDO ) | **TITLE 8 U.S.C. § 1326** |
| ) | Attempted Entry After Deportation |
| ) | |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about January 30, 2008, within the Southern District of California, defendant Alejandro LOYA CHINO did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 421050325, issued in the name Helio Omar ARREDONDO, to a Department of Homeland Security, Customs and Border Protection Officer, at the San Ysidro Port of Entry, knowing full well that he was not Helio Omar ARREDONDO, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport; in violation of Title 18, United States Code, Section 1544.

### Count 2

On or about January 30, 2008, within the Southern District of California, defendant Alejandro LOYA CHINO, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _31st_ day of _January_, 2008.

_____ UNITED STATES MAGISTRATE JUDGE

M\P

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1.  I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2.  During the performance of my duties, I have obtained evidence that Alejandro LOYA CHINO, aka: Helio Omar ARREDONDO used the passport issued for the use of another and attempted to reenter the United States after having been deported, without authorization. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544, Misuse of a Passport and Title 8, U.S.C., Section 1326, Attempted Reentry After Deportation.

3.  On 01/30/2008, at approximately 1200 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 421050325, bearing the name Helio Omar ARREDONDO, DPOB 09/25/1985, California, U.S.A., and a photograph that was not DEFENDANT. DEFENDANT ultimately admitted that the passport did not belong to him. DEFENDANT was sent to secondary inspection.

4.  On 01/30/2008, at approximately 1400 hours, the Affiant was advised by a CPB Officer at the San Ysidro POE that DEFENDANT had been detained at the secondary inspection area of the San Ysidro POE.

5.  On 01/30/2008, at approximately 1745 hours, DEFENDANT was retrieved from secondary inspection at the Port Enforcement Team area and was brought to an interview room. The Affiant, assisted by a CBP Officer obtained consent from DEFENDANT to have his interview audio and video taped. DEFENDANT read his Miranda warning aloud in English from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Alejandro LOYA CHINO, DPOB, 02/16/1987, Michoacan, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. DEFENDANT admitted that he promised remuneration in the amount of $2,000 for the false US Passport bearing the name Helio Omar ARREDONDO.

6.  DEFENDANT admitted to using the false passport, to apply for entry into the US on 01/30/2008, at the Ysidro Port of Entry. DEFENDANT admitted that he had been previously deported from the United States to Mexico and not having authorization to return to the United States. He admitted knowing that the passport was not issued or designed for his use and that it was illegal to use a US Passport in the name of another. He also stated he knew it was illegal to apply for admission to the United States after having been deported.

DHS record check revealed DEFENDANT was ordered deported on 01/09/2008. RME

7. DEFENDANT also admitted to having promised to pay a different smuggler on two other occasions to be smuggled into the US after having been deported from the United States. Records indicated that on 01/17/2008, DEFENDANT used a DSP-150, Border Crossing Card, in the name of another to attempt entry into the US. Then on 01/28/2008, DEFENDANT had attempted to be smuggled in the trunk of a vehicle through the San Ysidro Port of Entry. DEFENDANT admitted on that on each occasion, he intended to cross into the United States without authorization, despite having been deported from the United States on 01/15/2008. DEFENDANT made a recorded oral confession as to his true identity and to elements of the charges.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offenses on 01/30/2008 - in violation of Title 18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Helio Omar ARREDONDO, knowing that it was not issued or designed for his use, in order to gain admission into the United States and in violation of Title 8, United States Code, Section 1326: Attempted Reentry After Deportation – when he attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service